UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE D JOHNSON JR,<br><br>    Plaintiff,<br>v.<br>NEW YORK COURT OF APPEALS, et al.,<br><br>    Defendants. | Case No. C21-5101 RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 4, 2021 |

This matter comes before the Court on plaintiff's motion to proceed *in forma pauperis* and proposed complaint. Dkt. 1,3. Plaintiff is proceeding *pro se* in this matter. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny plaintiff's application to proceed *in forma pauperis.*

BACKGROUND

Plaintiff brings this action against a number of defendants including President Biden, President Trump, President Obama, the United States Federal Bureau of Investigations, the United State Internal Revenue Service, the United States Postal Service, the Federal Communications Commission, the New York Court of Appeals, Judge Katzman, Judge Preska, Queen Elizabeth, Canada and the United Nations. Dkt. 1-1. Yet plaintiff's proposed complaint does not allege any facts. Dkt. 1-1. Instead, the

REPORT AND RECOMMENDATION - 1

complaint vaguely asserts that defendants have violated his due process rights by committing treason, failing to follow foreign policy and committing other unspecified crimes. Dkt. 1-1.

## DISCUSSION

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy,* 745 F.2d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain

more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

*Bivens* actions are the judicially crafted counterpart to Section 1983. They enable victims to sue individual <u>federal</u> officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged

deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens.*" *Id.*

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff has failed to allege any facts whatsoever and has failed to allege a factual basis upon which plaintiff claims any entity or individual defendant is liable. Plaintiff's complaint baldly asserts that his rights have been violated, without explaining who allegedly did or failed to do something that is related to those violations, or whether any acts or omissions occurred that are attributable to any state or federal actor, or any facts that would plausibly show causation – i.e., a series of facts that would show how any acts or omissions, policies, customs, or practices, allegedly caused a deprivation of his rights. These vague and conclusory allegations of wrongdoing without factual support are frivolous and insufficient to state a claim pursuant to Section 1983.

Finally, plaintiff's complaint appears to be based on allegations that the current President of the United States, various former Presidents, various federal agencies, the Queen of England, Canada and the United Nations conspired to commit treason and crimes against plaintiff. These allegations do not appear to have any arguable basis in

law or fact. Thus, plaintiff's complaint fails to state a claim under Section 1983, is frivolous and any attempt to amend the complaint would be futile.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that plaintiff's application to proceed in *in forma pauperis* should be DENIED.

Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **June 4, 2021**, as noted in the caption. If no objections are filed, and if plaintiff does not pay the filing fee, then the Court should dismiss this case without prejudice.

Dated this 19th day of May, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge