1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | CASE NO. 21-5101 RJB TLF |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| NEW YORK COURT OF APPEALS, et. al., | |
| Defendants. | |

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke.  Dkt. 6.  The Court has considered the pleadings filed regarding the Report and Recommendation and the remaining file.

On February 8, 2021, the Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (Dkt. 1, refiled at Dkt. 3) and a proposed civil complaint (Dkt. 1-1).  As noted in the Report and Recommendation, the Plaintiff's hand written proposed complaint is difficult to follow.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Review of the Complaint**. The Plaintiff used a form complaint.  Dkt. 1-1.  The "background" section appears to be a series of notes, some in columns, and, for example, provides "United States Postal Service," "DOT crimes," "645 6,7 year old cases," "lawyer needed," "United Parcel Service,"  "RICO Acts fugitive of law Biden Trump Obama Administration Queen Elizabeth United Nations," and includes various addresses.  The claim one, "due process," section entitled "Supporting Facts," provides, in its entirely, "Default of Judgment cases History Biden Trump Obama Administration Fed Chairman." Dkt. 1-1, at 3.  In another section of the proposed complaint, labeled "claim two," although the Plaintiff does not identify a "claim two," the fact section states, "you need to follow my guidelines foreign policy U.N. 212-963-4475 US. conflict of interest," and "Alayne Frankson Wallace Secretary Judicial." Dkt. 1-1, at 3.  As relief, the Plaintiff seeks "prisoner + property seizure."  *Id.*, at 4.

**Report and Recommendation**. The Report and Recommendation reviews the proposed complaint and identifies various deficiencies, noting that the proposed complaint fails to state a claim for relief.  Dkt. 6. It notes that the proposed complaint is frivolous as it has no basis in law or fact.  *Id.*  The Report and Recommendation also recommends denying the application for IFP as a result of the proposed complaint's deficiencies.  *Id.*  It notifies the Plaintiff that he has the option to object to the Report and Recommendation.  *Id.*  The Report and Recommendation recommends that if the Plaintiff fails to pay the filing fee, the should case be dismissed without prejudice.  *Id.*

The Plaintiff did not object to the Report and Recommendation or pay the filing fee.

### DISCUSSION

***Sua Sponte* Dismissal**.  A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may

be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

The Report and Recommendation (Dkt. 6) properly points out that the proposed complaint fails to state a claim upon which relief can be granted and that it is frivolous because it has no basis in fact or law.  The Report and Recommendation (Dkt. 6) should be adopted and the Plaintiff's application for IFP (Dkts. 1-1 and 3) should be denied.  Further, it is clear that no amendment can cure the proposed complaint's deficiencies.  Accordingly, the case should be dismissed without prejudice.  All pending motions should be denied as moot.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of June, 2021.

ROBERT J. BRYAN
United States District Judge